

JOHN L. GANNON [ISB# 1975]
Attorney at Law
1101 W. River Street, Suite 110
Boise, ID 83702
Telephone: (208) 433-0629
Facsimile: (208) 343-5807
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBBIE ANN TOLMAN aka DEBRA ANN TOLMAN<br><br>Plaintiff<br><br>vs.<br><br>BANK ONE CORPORATION. and FIRST USA BANK N.A a subsidiary of BANK ONE CORPORATION, a Delaware Corporation<br><br>Defendants. | CASE NO.<br><br>COMPLAINT AND<br>JURY DEMAND |

COMES NOW the Plaintiff who complains and alleges as follows:

GENERAL ALLEGATIONS

I

At all times herein mentioned the Defendants are consumer credit card issuing companies who are subject to the provisions of the Fair Credit Reporting Act 15 USC 1681 et seq

II

Jurisdiction of this Court over this claim is based upon the Fair Credit Reporting Act 15 USC 1681p and 28 USC 1331.

III

At all times herein mentioned Plaintiff resided in Caldwell, Canyon County, Idaho and

COMPLAINT AND JURY DEMAND - 1

Defendants were doing business in said County.

IV

At all times herein mentioned Plaintiff is a consumer as defined by the referenced Act.

COUNT 1

I

Prior to 2003 the Plaintiff incurred a credit card debt with Wachovia Bank on two credit cards issued by said bank, which debts were incurred for personal, family and household purposes.

II

At some point Defendant Bank One Inc and its subsidiary First USA Bank acquired said debt from Wachovia.

III

On or about October 28, 2003, the Plaintiff filed a Chapter 7 Bankruptcy and included in said Bankruptcy were two credit card accounts with the Defendant. Said accounts were fully and finally discharged by said Bankruptcy on January 29, 2004.

IV

Said Chapter 7 Bankruptcy was filed in the United States District Court for Idaho in Boise, Case No. 03-03959. The Creditors list shows two Bank One credit cards were discharged and the mailing matrix shows Bank One received copies of the Discharge.

V

Thereafter, the Defendant caused one of the accounts to be listed as a "Charge Off" without any reference to the Bankruptcy. Said account is still listed this way today.

**COMPLAINT AND JURY DEMAND - 2**

VI

On or about March 29,2004, the Plaintiffs caused to be mailed a dispute letter to each of the three credit reporting agencies asking that they correct the listing referred to in Paragraph III. Equifax replied that the Defendant said the listing was correct. Plaintiffs sent a second letter and on May 26,2004, Equifax stated it was reporting the account as being included in Bankruptcy. Later Experian did so too.

VII

In June, 2004, Plaintiff learned the account was again being reported as a "Charge Off" and she again sent dispute letters and documentation to the three credit reporting agencies. Plaintiff continued to write on several occasions to the different credit reporting agencies with a result that their account continued to be misreported because the Defendant insisted on reporting account number xxxx xxxx xxxx 7233 this way.

VIII

On or about January 21,2005, Plaintiff directly contacted the Defendant, provided a copy of the bankruptcy, mailing matrix, and creditor schedule, and was advised that Defendant was going to continue to misreport the account. One of defendants employes suggested verbally to Plaintiff that perhaps a payment by Plaintiff in settlement of the account would resolve the matter.

IX

. The conduct of the Defendant violates 15 USC 1681 (s) 2(b).in that the Defendant did not consider the information provided; did not reasonably investigate or evaluate this account, and affirmed that it was misreporting this account. Other sections of the FCRA may be violated too.

X

The actions taken by the Defendants were wilful and intentional and the Defendants are therefore liable pursuant to 15 USC 1681(n) for actual damages of $5000 because of the emotional distress and frustration she has endured in trying to clear up this matter and actual damages she has sustained or in the minimum amount of $1000 statutory damages, punitive damages and costs and attorneys fees.

Should this matter proceed by default such reasonable costs and attorneys fees are $3000.

## COUNT II

I

Plaintiffs replead Paragraphs 1- VIII of Count I.

II

The conduct of the Defendants is negligent,careless and without any reasonable care and violates 15 USC 1681 (s) 2(b).in that the Defendants did not consider the information provided and affirmed that it was misreporting this account.

III

As a result of this negligence the Plaintiffs ask for damages pursuant to 15 USC 1681(o) in the amount of $5000 because of the emotional distress and frustration she has endured in trying to clear up this matter and because of actual damages she has sustained and costs and attorneys fees.

Should this matter proceed by default such reasonable costs and attorneys fees are $3000.

## COUNT III

## DEFAMATION

I

Plaintiff repleads each and every allegation and fact pleaded in this Complaint

II

Defendants have intentionally continued to report this account as a charged off bad debt and continued to refuse to affirmatively correct this account, and the Defendants report of this account is untrue and false.

III

As a result of this defamation Plaintiff has incurred actual damages including difficulties in obtaining credit and higher interest rates which damage is continuing in an amount that will be proven at trial.

IV

The willful conduct of the Defendant is outrageous and entitles Plaintiff to a punitive damage award as proven at Trial.

## ATTORNEYS FEES

Plaintiff requests and is entitled to costs and attorneys fees incurred as a result of Defendants actions in this case pursuant to either Count I Count II as provided and allowed by 15 USC 1681n and 1681o and Plaintiff asks for a reasonable attorneys fee in the amount of $3000 in the event that this matter proceeds by default. Plaintiff further asks for an attorneys fee award in Count III pursuant to Idaho Code 12-120(1) and 12-121.

WHERERFORE Plaintiff asks for the following relief:

1. A Judgment from this Court determining that the the Defendant should report any credit card account held by First USA Bank or Bank One in the name of the Plaintiff prior to

**COMPLAINT AND JURY DEMAND - 5**

January 29, 2004 as an account that was discharged in Bankruptcy as of 1/04 and no balance is due and that a credit reporting agency should also report this account in that manner.

2.. A Judgment from this Court in favor of the Plaintiff DEBBIE TOLMAN in the amount of $1000 for violation of the Fair Credit Reporting Act (Count I Wilfull Violation) or in the alternative $5000 for actual damages and punitive damages in an amount to be proven at trial; or in the alternative $5000 in actual damages for violation of the Fair Credit Reporting Act (Count II Negligent Violation); and $5000 for defamation (Count III) and puntive damages as proven at trial.

3. Costs as provided by Rule and law and Attorneys fees pursuant to 15 USC 1681n and 1681o, Idaho Code 12-120(3) and 12-121. If this matter proceeds by Default, Plaintiff asks for an award of $3000.

4. Such other relief as the Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE

Dated this 31st day of March, 2005

By_____

COMPLAINT AND JURY DEMAND - 6